706 So.2d 156 (1997)
STATE of Louisiana
v.
Pharoah PALMER.
No. 97 KA 0174.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*158 Doug Moreau, District Attorney by John A. Cannon, Assistant District Attorney, Baton Rouge, for Appellee State.
Bertha H. Hillman, Thibodaux, for Defendant-Appellant Pharoah Palmer.
Before LeBLANC and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
The defendant, Pharoah Palmer, was charged by bill of information # XX-XX-XXXX with two counts of forgery, violations of La. R.S. 14:72. He pled guilty to both counts and was sentenced to three years at hard labor on each count, with the sentences to run consecutively. He moved for reconsideration of sentence, but the motion was denied.
At the same time the defendant entered his guilty pleas to the two counts of forgery, he also entered guilty pleas to charges under three other bills of information. Under bill of information # XX-XX-XXXX, the defendant pled guilty to: one count of unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4; one count of aggravated obstruction of a highway of commerce, a violation of La. R.S. 14:96; and one count of aggravated criminal damage to property, a violation of La. R.S. 14:55. Under bill of information #XX-XX-XXXX, the defendant pled guilty to one count of issuing worthless checks with an aggregate value greater than $100 but less than $500, a violation of La. R.S. 14:71. Lastly, under bill of information #XX-XX-XXXX, the defendant pled guilty to one count of attempted armed robbery, a violation of La. R.S. 14:27 and La. R.S. 14:64.[2]
The defendant appeals, designating one assignment of error.

FACTS
Because of the guilty pleas, there was no trial and no testimony concerning the defendant's criminal acts. However, the State set forth a factual basis for its charges against the defendant at his Boykin hearing. The defendant did not enter any objection to the State's recitation of facts. The trial court also ordered a pre-sentence investigation report (PSI), which is before us.
As pertinent to the instant appeal, the State set forth the following facts. On or about November 19, 1995, Brian Pinsonat reported a burglary of his vehicle from the Siegen Lane Cinema in East Baton Rouge Parish. Later that day, the defendant wrote out and presented Pinsonat's check # 1330 to Circuit City in an attempt to purchase a computer for $755.94. Subsequently, the defendant wrote out and presented Pinsonat's check # 1332 to The Journey shoe store at Cortana Mall in an attempt to purchase tennis shoes for $89.98. The defendant had no authority to issue the checks for Pinsonat.

EXCESSIVE SENTENCE
In his sole assignment of error, the defendant contends that the trial court imposed unconstitutionally excessive sentences upon him. In his brief, the defendant argues that the record fails to indicate that the trial court considered certain mitigating factors in sentencing him. The defendant also argues that the trial court erred in imposing consecutive sentences for his two forgery offenses.

CONSTITUTIONAL EXCESSIVENESS
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it *159 may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266, 267 (La.1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La.1982).

ARTICLE 894.1
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.Code Crim. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La. App. 1st Cir.1988).
The defendant argues that the record does not indicate that the trial court considered certain mitigating factors in sentencing him. Specifically, he alleges that the trial court failed to give adequate weight to the fact that: (1) he was 20 years old at the time of sentencing, (2) he was a college freshman, (3) he was employed as a human resource manager in his father's clothing manufacturing business, and (4) he was a first time felony offender.
Rather than lend any credence to the defendant's allegations, the record substantiates both consideration and weight of the cited facts by the trial court. The first three cited facts were the defendant's own responses to questions asked of him directly by the trial court. In regard to the fourth fact cited by the defendant, prior to sentencing the defendant, the trial court expressly stated, "... THE RECORD REFLECTS THAT MR. PALMER IS IN FACT A FIRST FELONY OFFENDER." The court then proceeded to detail the circumstances surrounding the defendant's crimes.
In committing the attempted armed robbery offense, the defendant knew or should have known that he created a risk of death or great bodily harm to more than one person. The PSI reflects that the defendant targeted the Pastime Restaurant Lounge on a Friday night for his armed robbery attempt. Additionally, the defendant either knew or should have known that one of his victims was particularly vulnerable and/or incapable of resistance because she was in the ninth month of a pregnancy. The PSI reflects that the defendant physically pushed this victim, knocked a bartender to the ground, and held a gun to the manager's head. The trial court sentenced the defendant to 10 years at hard labor, without benefit of probation, parole, or suspension of sentence, for the attempted armed robbery offense under bill of information # XX-XX-XXXX.
In committing the offenses of unauthorized use of a motor vehicle, aggravated obstruction of a highway of commerce, and aggravated criminal damage to property, the defendant fled from police in a stolen vehicle at speeds of over 100 hundred miles per hour. During the high-speed chase, the defendant led police through several parishes, smashing through four roadblocks and driving through gunfire. The trial court sentenced the defendant to two years at hard labor for the unauthorized use of a motor vehicle offense, four years at hard labor for the aggravated obstruction of a highway of commerce offense, and four years at hard labor for the aggravated criminal damage to property offense under bill of information # XX-XX-XXXX. The court ordered that these sentences would run consecutively to one another, but concurrently with the sentence imposed under bill of information # XX-XX-XXXX.
*160 The trial court sentenced the defendant to two years at hard labor for the issuing worthless checks offense under bill of information # XX-XX-XXXX.
Lastly, the trial court sentenced the defendant to three years at hard labor for each of the two forgery offenses under bill of information #XX-XX-XXXX. The court ordered that these sentences would run consecutively to each other, but concurrently with the sentence imposed under bill of information #XX-XX-XXXX. The court further ordered that the sentences imposed under bills of information # XX-XX-XXXX and # XX-XX-XXXX would run consecutively with the sentences imposed under bills of information # XX-XX-XXXX and # XX-XX-XXXX.
Whoever commits the crime of forgery shall be fined not more than $5,000, or imprisoned, with or without hard labor, for not more than 10 years or both. La. R.S. 14:72. In the instant case, the defendant received two three-year sentences at hard labor on the two counts of forgery. These sentences were well within the statutory limits, being less than a third of the statutory maximum. After thoroughly considering the facts surrounding the forgery offenses, we are convinced that there was no manifest abuse of discretion in the trial court's imposition of the forgery sentences herein, which were not constitutionally excessive. The forgery sentences were not grossly disproportionate to the severity of the offenses. The defendant's constitutional excessiveness challenge to his forgery sentences is thus without merit. Additionally, we find that the trial court adequately complied with La.Code Crim. P. art. 894.1.
We also find no merit in the defendant's challenge to the trial court's ordering that the forgery sentences run consecutively.
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La.Code Crim. P. art. 883. Thus, La.Code Crim. P. art. 883 specifically excludes from its scope sentences which the court expressly directs to be served consecutively. Furthermore, although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. See State v. Rogers, 95-1485, p. 11 (La.App. 1st Cir. 9/27/96); 681 So.2d 994, 1000, writs denied, 96-2609, 96-2626 (La.5/1/97); 693 So.2d 749.
The trial court expressly directed that the two forgery sentences were to run consecutively to each other. Thus, those sentences are outside the scope of La.Code Crim. P. art. 883. Moreover, even assuming arguendo that the trial court's imposition of consecutive sentences for the defendant's issuing two separate stolen checks to two separate businesses at two separate times required particular justification, we find that the record clearly provides such justification. When reviewing a sentence alleged to be excessive, lacking a factual basis, or lacking a statement of sentencing reasons, if this court concludes that the sentence is otherwise supported by the record, the sentence may be affirmed without a remand for resentencing or supplementation merely for compliance with La.Code Crim. P. art. 894.1. State v. Robertson, 94-1379, p. 6 (La.App. 1st Cir. 10/6/95); 671 So.2d 436, 439, writ denied, 95-2654 (La.2/9/96); 667 So.2d 527. See also La.Code Crim P. art. 881.3. The trial court's detailing of the circumstances surrounding the defendant's crimes under bills of information # XX-XX-XXXX and # XX-XX-XXXX, as well as the facts revealed by the PSI concerning these offenses, leave no doubt that the defendant poses a grave danger to public safety. Consecutive sentences are justified when the offender poses an unusual risk to public safety. State v. Leagea, 95-1210, p. 10 (La.App. 1st Cir. 5/10/96); 673 So.2d 646, 653, writ denied, 96-1507 (La.11/22/96); 683 So.2d 287. This result is true even where the defendant has no previous criminal record. See State v. Atley, 470 So.2d 621, 623 (La.App. 1st Cir. 1985).
This assignment of error is without merit.
*161 CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The instant appeal addresses the defendant's claims in reference to bill of information # XX-XX-XXXX only. The defendant's claims in reference to bill of information #XX-XX-XXXX are addressed in 97 KA 0175. The defendant's claims in reference to bill of information # XX-XX-XXXX are addressed in 97 KA 0176. The defendant's claims in reference to bill of information # XX-XX-XXXX are addressed in 97 KA 0177. See these appeals, also decided this date.