LWELCH, J.
The defendant, Reginald Jones, was charged by bill of information No. 430,061 with one count of fifth offense operating a vehicle while intoxicated, a violation of La. R.S. 14:98, and initially pled not guilty. Thereafter, he entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving the right to challenge being charged with a fifth offense operating a vehicle while intoxicated under bill of information No. 430,061 and reserving the right to challenge the trial court’s imposition of the sentence under bill of information No. 430,061 to run consecutive with the sentence under bill of information No. 423,010. On bill of information No. 423,-010, he was sentenced to ten years at hard *138 labor, suspended; to pay a $5,000 fine; forfeiture of his automobile; and to serve five years probation subject to special terms and conditions. On bill of information No. 430,061, he was sentenced to ten years at hard labor, with the first three years to be served without benefit of parole, probation, or suspension of sentence, but the execution of the sentence was suspended pending the outcome of the defendant’s appeal. The trial court ordered that the sentence under bill of information No. 430,061 would run consecutive with the sentence under bill of information No. 423,010. He now appeals, designating one assignment of error.[1] We affirm the conviction, vacate the sentence, and remand for resentencing in accordance with this decision.
PACTS
Due to the defendant’s guilty plea, no trial testimony was presented concerning the facts of the offense. Further, the State did not present a factual basis for the defendant’s plea at the Boykin hearing. The bill of information for the instant offense alleged that the offense occurred on January 13, 2004.
| ?,EXCESSIVE SENTENCE
In his sole assignment of error, the defendant contends the trial court erred by imposing an excessive sentence. He argues his sentence for the instant offense should have been imposed to run concurrently, rather than consecutively, with the sentence imposed under bill of information No. 423,010. We do not reach the merits of the assignment of error. The State sets forth that the defendant should have been sentenced under the provisions of La. R.S. 14:98(E)(1) for the instant offense, that the sentence imposed for the instant offense under La. R.S. 14:98(E)(4)(a) was illegal, and recommends that the sentence be vacated and the case remanded to the trial court for resentencing. The State advises this Court that the defendant’s plea to a third offense operating a vehicle while intoxicated was entered in May 2001, before the current treatment/suspended sentence provisions of the DWI statute were in effect.
Prior to amendment by 2004 La. Acts, No. 762, § 1, La. R.S. 14:98, in pertinent part, provided:
E. (l)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or áfter an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.
[[Image here]]
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be impris *139 oned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed ■without benefit of suspension of sentence, probation, or parole.
|4(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
On bill of information No. 423,010, the defendant was sentenced to ten years at hard labor, suspended; ordered to pay a $5,000 fíne; forfeiture of his automobile; to serve five years probation subject to special terms and conditions including: imprisonment for sixty days in the parish jail; undergoing an evaluation to determine the nature and extent of his substance abuse disorder; upon successful completion of the in-patient substance abuse treatment, three years home incarceration, subject to no consumption of alcoholic beverages, electronic monitoring, curfew restrictions, and home visitation at least once per month by the Department of Public Safety and Corrections; during the period of home incarceration, being subject to all general and special terms and conditions of probation, as provided by the Department of Public Safety and Corrections, Probation Division; maintaining steady employment and participating in a court-approved driver improvement program and substance abuse program; and limitation of his activity outside his home to traveling to and from work, church services, Alcoholics Anonymous meetings, and court-approved driver improvement programs.
On the instant offense, the defendant was sentenced to ten years at hard labor, with the first three years to be served without benefit of parole, probation, or suspension of sentence, but the execution of the sentence was suspended pending the outcome of the defendant’s appeal. The trial court ordered that the sentence under bill of information No. 430,061 run consecutive with the sentence under bill of information No. 423,010.
| ¡At the time of the defendant’s guilty plea to third offense operating a vehicle while intoxicated, La. R.S. 14:98(D) did not provide for home incarceration. Thus, for the instant offense, the defendant should have been sentenced under the provisions of La. R.S. 14:98(E)(1) and (E)(4)(b), rather than under La. R.S. 14:98(E)(4)(a). Compare State v. Hardeman, 2004-0760 (La.App. 1st Cir.2/18/05), 906 So.2d 616.
Accordingly, the conviction under bill of information No. 430,061 is affirmed; the illegal sentence is vacated; and this case is remanded for resentencing in accordance with this opinion. See La.C.Cr.P. art. 881.4(A); State v. Paoli, 2001-1733, pp. 6-8 (La.App. 1st Cir.4/11/02), 818 So.2d 795, 799-800 (en banc), writ denied, 2002-2137 (La.2/21/03), 837 So.2d 628.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED WITH INSTRUCTIONS.

. The defendant separately appeals from his conviction under bill of information No. 423,-010. See State v. Jones, 2004-1524 (La.App. lst Cir.3/24/05), 907 So.2d 139, 2005 WL 676419.