| ¡WELCH, J.
The defendant, Reginald Jones, was charged by bill of information No. 423,010 with one count of fourth offense operating a vehicle while intoxicated, a violation of La. R.S. 14:98, and initially pled not guilty. Thereafter, he entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving the right to challenge being charged with a fifth offense operating a vehicle while intoxicated under bill of information No. 430,061 and reserving the *141 right to challenge the trial court’s imposition of the sentence under bill of information No. 4430,061 to run consecutive with the sentence under bill of information No. 423,010. On bill of information No. 423,-010, he was sentenced to ten years at hard labor, suspended; ordered to pay a $5,000 fíne; forfeiture of his automobile; and to serve five years probation subject to special terms and conditions. On bill of information No. 430,061, he was sentenced to ten years at hard labor, with the first three years to be served without benefit of parole, probation, or suspension of sentence, but the execution of the sentence was suspended pending the outcome of the defendant’s appeal. The trial court ordered that the sentence under bill of information No. 430,061 run consecutive with to the sentence under bill of information No. 423,010. He now appeals, urging a single assignment of error that the trial court erred in imposing an unconstitutionally excessive sentence.[1] Finding no merit in the assigned error, we affirm the conviction and sentence.
FACTS
Due to the defendant’s guilty plea, no trial testimony was presented concerning the facts of the offense. Further, the State did not present a factual basis for the defendant’s plea at the Boykin hearing. The bill of information for the instant offense alleged that the offense occurred on October 9, 2003.
J^EXCESSIVE SENTENCE
In his sole assignment of error, the defendant contends the trial court erred by imposing an excessive sentence. He argues that the sentence imposed under bill of information No. 430,061 should have been imposed to run concurrently, rather than consecutively, with the sentence imposed for the instance offense.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La.10/5/01), 798 So.2d 962.
Louisiana Code of Criminal Procedure article 883, in pertinent part, provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
*142 Prior to amendment by 2004 La. Acts, No. 762, § 1, La. R.S.14:98, in pertinent part, provided:
E. (l)(a) Except as otherwise provided in Subparagraph (4)(b) of 14this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.
* * *
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
On the instant offense, the defendant was sentenced to ten years at hard labor, suspended; to pay a $5,000 fine; forfeiture of his automobile; to serve five years probation subject to special terms and conditions including: imprisonment for sixty days in the parish jail; undergoing an evaluation to determine the nature and extent of his substance abuse disorder; upon successful completion of the in-patient substance abuse treatment, three years home incarceration, subject to no consumption of alcoholic beverages, electronic monitoring, curfew restrictions, and home visitation at least once per month by the Department of Public Safety and Corrections; during the period of home incarceration, being subject to all general and special terms and conditions of probation, as provided by the Department of Public Safety and Corrections, Probation Division; maintaining steady employment and participating in a court-approved driver improvement |fiprogram and substance abuse program; and limitation of his activity outside his home to traveling to and from work, church services, Alcoholics Anonymous meetings, and court-approved driver improvement programs.
On docket No. 430,061, the defendant was sentenced to ten years at hard labor, with the first three years to be served without benefit of parole, probation, or suspension of sentence, but the execution of the sentence was suspended pending the outcome of the defendant’s appeal. The trial court ordered that the sentence under bill of information No. 430,061 would run consecutive with the sentence under bill of information No. 423,010.
A thorough review of the record reveals no manifest abuse of discretion in the trial court’s imposition of consecutive sentences in this matter. The instant offense and the offense under docket No. 430,061 were *143 not based on the same act or transaction and did not constitute parts of a common scheme or plan. Further, the trial court did not expressly direct that the sentences for the instant offense and the offense under docket No. 430,061 be served concurrently, rather the trial court expressly directed that the sentences be served consecutively. Thus, pursuant to La.C.Cr.P. art. 883, consecutive, rather than concurrent, sentences were warranted for the instant offense and the offense under docket No. 430,061.
Additionally, given the obvious danger posed to the public by the defendant’s repeated drunken driving, consecutive sentences were justified in this case. Consecutive sentences are justified when the offender poses an unusual risk to public safety. See State v. Palmer, 97-0174, p. 6 (La.App. 1st Cir.12/29/97), 706 So.2d 156, 160. Furthermore, although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. Palmer, 97-0174 at pp. 5-6, 706 So.2d at 160.
IfiThe trial court did not impose an unconstitutionally excessive sentence in the instant case. Furthermore, the fact that the sentence imposed under docket No. 430,061 was ordered to run consecutive with the sentence imposed in the instance case did not cause the sentence in this case to be excessive. A thorough review of the record reveals the sentence imposed herein was not grossly disproportionate to the severity of the offense.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. The defendant separately appeals from his conviction under bill of information No. 430,-061. See State v. Jones, 2004-1525 (La.App. 1st Cir.3/24/05), 907 So.2d 137, 2005 WL 676412.