STATE OF LOUISIANA
v.
MICHAEL LEE BOYD.
No. 2007 KA 1763.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
Hon. JOSEPH L. WALTZ, JR., District Attorney, JUAN W. PICKETT, Asst. District Attorney, ELLEN D. DOSKEY, Asst. District Attorney, Houma, La, Counsel for Appellee, State of Louisiana.
KATHERINE M. FRANKS, ABITA SPRINGS, La, Counsel for Appellant, Michael Lee Boyd.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
The defendant, Michael Lee Boyd, was charged by amended bill of information with one count of distribution of cocaine (count I), a violation of La. R.S. 40:967(A)(1); one count of possession of a firearm by a convicted felon (count II), a violation of La. R.S. 14:95A; and one count of possession with intent to distribute cocaine (count III), a violation of La. R.S. 40:967(A)(1). He pled not guilty on all counts. Following a jury trial, he was found guilty as charged on all counts by unanimous verdict. He moved for a new trial and for a post-verdict judgment of acquittal, but the motions were denied.
Thereafter, the State filed a habitual offender bill of information against the defendant, alleging that he had previously pled guilty to two counts of possession of cocaine. Following a hearing, the court adjudicated the defendant a "[m]ultiple [o]ffender." On count I, he was sentenced to thirty years at hard labor. On count II, he was sentenced to ten years at hard labor without the benefit of probation, parole, or suspension of sentence, to run consecutively with the sentence imposed on count I. On count III, he was sentenced to fifteen years at hard labor to run consecutively with the sentences imposed on counts I and II. He moved for reconsideration of sentence, but the motion was denied.
He now appeals, designating five assignments of error. We affirm the conviction and the habitual offender adjudication and sentence on count I, and the convictions and sentences on counts II and III.

ASSIGNMENTS OF ERROR
1. The testimony introduced at trial conflicts with the physical evidence and should have left a reasonable trier of fact with a reasonable doubt. The defendant was deprived of due process when the jury failed to act as a reasonable trier of fact. The jury verdicts for possession of cocaine and possession of cocaine with the intent to distribute were based upon insufficient credible evidence. The substances analyzed did not match the description of the substances seized, either by weight or description, leaving no evidence that what the officers seized were controlled substances.
2. The chain of evidence offered by the prosecutor did not account for the weight and description discrepancies between the cocaine allegedly purchased from and seized from the defendant. It was error to admit the two exhibits when there was a substantial possibility that the exhibits were not those related to the case. Their use to obtain two convictions offends due process.
3. Both the habitual offender bill of information and the sentencing proceeding contained error. The prosecutor filed a bill that sought to enhance the sentences for all three convictions entered in this case on the same date. Although he later decided not to enhance the firearms conviction, the trial court adjudicated and sentenced the defendant as a multiple offender on the two remaining convictions.
4. The consecutive sentences are individually excessive and inadequately justified.
5. Trial counsel was ineffective in failing to object to the introduction of evidence that was physically inconsistent with the description of the evidence allegedly gathered in the case, both by physical description and by weight. Counsel also failed to object to the prosecutor's filing of a multiple bill seeking enhancement of the sentences for all the charges arising from the single criminal event. Counsel's failure to object contributed to the conviction of the defendant for the sale and possession of substances not identified as those either purchased from him or seized in his possession and contributed to a lengthy consecutive sentence for a conviction illegally enhanced.

FACTS
On November 15, 2005, Terrebonne Parish Sheriff's Office (TPSO) Narcotics Agents arranged for Arthur Thiel to purchase drugs from the defendant. Thiel telephoned the defendant to arrange the drug deal, and then used $400 in documented money to purchase cocaine from the defendant at his residence.
Following the drug deal, the narcotics agents obtained a search warrant for the defendant's residence. They subsequently recovered two handguns and a shotgun from the master bedroom of the residence. They also recovered $3200, including the documented funds, hidden under a dresser in the master bedroom. Additional cocaine was recovered from the center console of the defendant's girlfriend's vehicle after the defendant was stopped for a traffic violation while driving the vehicle.

DISCREPANCY BETWEEN EVIDENCE AT TRIAL AND EVIDENCE SEIZED; SUFFICIENCY OF THE EVIDENCE; INEFFECTIVE ASSISTANCE OF COUNSEL
The defendant combines assignments of error numbers 1 and 2 for argument. He argues TPSO Agent Hornsby testified he received two bags of suspected crack cocaine from the confidential informant, but TPSO Agent Rodrigue described the cocaine as powder cocaine in his warrant application, and the laboratory tested powder cocaine. He further argues TPSO Agent Hanlon testified that a Louisiana State Trooper weighed the two bags of cocaine seized from the vehicle the defendant was driving and determined the cocaine weighed 44 grams, but Louisiana State Police Crime Lab Analyst Rebecca Chaisson testified the cocaine submitted to the laboratory in the two bags weighed only 32.61 grams. Additionally, he argues Analyst Chaisson testified that one of the bags of cocaine contained sixteen smaller bags, but Agent Hanlon never mentioned that one of the bags contained smaller bags. In assignment of error number 5, the defendant argues trial defense counsel was ineffective in failing to object to the introduction into evidence of the cocaine on the basis of the discrepancies concerning the form and weight of the cocaine.
Initially, we note the defendant failed to contemporaneously object to the admission of the cocaine purchased by Thiel or the cocaine found in the vehicle the defendant was driving. See La. Code Crim. P. art. 841; La. Code Evid. art. 103(A)(1). We will, however, address these assignments of error because it would be necessary to do so as part of the analysis of the ineffective assistance of counsel claim and the sufficiency of the evidence claim. See State v. Bickham, 98-1839, pp. 7-8 (La. App. 1 Cir. 6/25/99), 739 So.2d 887, 891-92.
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. La. Code Evid. art. 901(A). For admission, it suffices if the custodial evidence establishes that it was more probable than not that the object is the one connected to the case, A preponderance of the evidence is sufficient. Moreover, any lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than its admissibility. Ultimately, a chain of custody or connexity of the physical evidence is a factual matter to be determined by the jury. State v. Berry, 95-1610, p. 18 (La. App. 1 Cir. 11/8/96), 684 So.2d 439, 455.
At trial, Agent Hornsby indicated he received two bags of "suspected cocaine[,]" from Thiel after Thiel purchased the drugs from the defendant. Agent Hornsby indicated he did not examine the cocaine, but merely took possession of the drugs. He identified State Exhibit #1 as the cocaine he had received from Thiel, and the exhibit was introduced into evidence without objection.
In the affidavit in support of a search warrant to search the defendant's residence, Agent Rodrigue described the cocaine purchased by Thiel as "suspected powder cocaine." Further, the scientific analysis report indicated the "powder substance" submitted for testing by Agent Rodrigue was determined to contain cocaine. TPSO Evidence Custodian Ronald Bergeron identified State Exhibit #1 as approximately 10.5 grams of suspected powder cocaine and State Exhibit #2 as 44 grams of crack cocaine in clear plastic bags. He indicated he had retrieved both sets of cocaine from the narcotics depository after Agent Rodrigue had deposited the drugs there.
Analyst Chaisson testified that in connection with the case, she tested a bag of a rock-like substance, weighing 17.21 grams, and a bag of a compressed powder substance containing sixteen smaller bags, weighing 15.40 grams, and both substances contained cocaine.
Agent Hanlon testified that he and Trooper Craig Rhodes conducted surveillance on the defendant's residence on November 15, 2005. Thereafter, they executed a traffic stop of the vehicle the defendant was driving after observing it swerve from the road. The defendant was "overly nervous." He refused to consent to a search of the vehicle. He was placed under arrest. Thereafter, a K-9 unit alerted to the presence of narcotics in the center console of the vehicle. Agent Hanlon indicated he recovered two plastic bags of what he believed to be crack cocaine from the center console, and the digital scale in Trooper Rhodes's vehicle indicated the bags and their contents weighed 44 grams. He identified State Exhibit #2 as the evidence bag he submitted to the TPSO Narcotics Vault.
State Exhibits #1 and #2 were sufficiently authenticated at trial. Any discrepancy in the description of the cocaine purchased by Thiel from the defendant as either powder or crack cocaine was explained by testimony from Agent Hornsby that he took possession of the drugs from Thiel without closely examining them. Any discrepancy in the weight of the drugs seized from the vehicle the defendant was driving was explained by Agent Hanlon's testimony that he weighed the cocaine and its packaging whereas the crime lab weighed the cocaine after removing the packaging. The verdict rendered against the defendant indicates the jury accepted the testimony of the State's witnesses and rejected the testimony of the defense witnesses. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Johnson, 99-0385, p. 9 (La. App. 1 Cir. 11/5/99), 745 So.2d 217, 223. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Glynn, 94-0332, p. 32 (La. App. 1 Cir. 4/7/95), 653 So.2d 1288, 1310.
A claim of ineffective assistance of counsel is generally relegated to post-conviction proceedings, unless the record permits definitive resolution on appeal. State v. Miller, 99-0192, p. 24 (La. 9/6/00), 776 So.2d 396, 411. A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La. App. 1 Cir. 1992).
In the instant case, trial defense counsel did not perform deficiently in failing to object to the introduction into evidence of cocaine on the basis of the discrepancies concerning the form and weight of the cocaine because State Exhibits #1 and #2 were sufficiently authenticated at trial. See State ex rel. Roper v. Cain, 99-2173, p. 6 (La. App. 1 Cir. 10126/99), 763 So.2d 1, 5 (per curiam) ("If the substantive issue an attorney failed to raise has no merit, then the claim the attorney was ineffective for failing to raise the issue also has no merit")
These assignments of error are without merit.

HABITUAL OFFENDER ADJUDICATION; EXCESSIVE SENTENCE; INEFFECTIVE ASSISTANCE OF COUNSEL
The defendant combines assignments of error numbers 3 and 4 for argument. In assignment of error number 3, the defendant argues the State enhanced multiple convictions arising out of a single criminal act or episode in violation of State ex rel. Porter v. Butler, 573 So.2d 1106 (La. 1991). In assignment of error number 4, the defendant argues the trial court imposed unconstitutionally excessive sentences in this matter. In assignment of error number 5, the defendant argues trial defense counsel was ineffective for failing to object to the violation of State ex rel. Porter.
The amended habitual offender bill set forth: that the defendant had been charged under Thirty-second Judicial District Court docket #463,777 with distribution of cocaine, possession of a firearm by a convicted felon, and possession with intent to distribute cocaine; that on May 4, 2006, he had been found guilty as charged; that he had previously been charged under Thirty-second Judicial District Court docket #322,885 with two counts of possession of cocaine; that on January 18, 2000, he pled guilty to the charges.
At the habitual offender hearing, the court accepted the defense claim that the defendant's conviction for possession of a firearm by a convicted felon was not subject to enhancement under the habitual offender law. Thereafter, following testimony that fingerprint analysis indicated that the defendant was the same person who had previously pled guilty to two counts of possession of cocaine under Thirty-second Judicial District Court #322,885, the court adjudged the defendant a "[m]ultiple [offender." The court set forth: that the sentencing range for the distribution of cocaine conviction was fifteen to sixty years; that based upon the defendant's criminal record, which included two previous possession of cocaine convictions and a simple burglary conviction, there was an undue risk that during the period of a suspended sentence or probation, the defendant would commit another crime; that there was no doubt in the court's mind that the defendant was in need of correctional treatment in a custodial environment that could be most effectively provided by his commitment to an institution; that lesser sentences would certainly deprecate the seriousness of the defendant's crimes; that, in distributing cocaine, the defendant created a risk of death and of serious bodily harm to more than one person because cocaine was a poison. The defense set forth mitigating circumstances for the court's consideration including: that the defendant had a wife and children, that he was gainfully employed, and that he had only one previous conviction.[1]
On count I, the court sentenced the defendant to thirty years at hard labor. On count II, the court sentenced the defendant to ten years at hard labor to run consecutively with the sentence imposed on count I. On count III, the court sentenced the defendant to fifteen years at hard labor to run consecutively with the sentences imposed on counts I and H.
Initially we note, contrary to the contention of the defendant, it is unclear whether or not the trial court imposed an enhanced sentence on count III. When the court imposed an enhanced sentence on count I, it set forth the sentencing range as enhanced by the Habitual Offender Law and then imposed a sentence in the middle of this range. In imposing sentence on count III, however, the court did not set forth the enhanced sentencing range. Further, the court imposed a sentence on count III in the middle of the unenhanced sentencing range, but at the minimum of the enhanced sentencing range. In any event, State ex rel. Porter has been overruled. All multiple sentences imposed after a single course of criminal conduct can be enhanced under the Habitual Offender Law. State v. Shaw, 06-2467, pp. 2-3 (La. 11/27/07), 969 So.2d 1233, 1235.
Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La. App. 1 Cir. 10/3/00), 797 So.2d 75, 83.
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. Code Crim. P. art. 883. Thus, La. Code Crim. P. art. 883 specifically excludes from its scope sentences which the court expressly directs to be served consecutively. Furthermore, although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. State v. Palmer, 97-0174, pp. 5-6 (La. App. 1 Cir. 12/29/97), 706 So.2d 156, 160.
Any person who distributes or possesses with intent to distribute cocaine shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars. La. R.S. 40:967(B)(4)(b).
Whoever is found guilty of possessing a firearm in violation of La. R.S. 14:95.1 shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B).
Any person who, after having been convicted within this state of a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. La. R.S. 15:529.1(A)(1)(a).
The sentences imposed on counts I, II, and III were not grossly disproportionate to the severity of the offenses and, thus, were not unconstitutionally excessive. Further, consecutive sentences were warranted in this matter. Consecutive sentences are justified when the offender poses an unusual risk to public safety. Palmer, 97-0174 at p. 6, 706 So.2d at 160. The defendant poses an unusual risk to public safety because he is a habitual drug offender who distributes cocaine, which, as noted by the trial court, creates a risk of death or serious bodily harm to the public.
Lastly, we note, any deficient performance by trial counsel in failing to object under State ex rel. Porter did not prejudice the defendant in this matter either because the court did not impose an enhanced sentence on count III or because there would have been no error in the court imposing an enhanced sentence on that count as well as on count I.
These assignments of error are without merit.

REVIEW FOR ERROR
Initially, we note that our review for error is pursuant to La. Code Crim. P. art. 920, which provides that the only matters to be considered on appeal are errors designated in the assignments of error and "error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. Code Crim. P. art, 920(2).
On count II, the trial court failed to impose a fine of not less than one thousand dollars nor more than five thousand dollars. See La. R.S. 14:95.1(B). Although the failure to impose the fine is error under La. Code Crim. P. art. 920(2), it certainly is not inherently prejudicial to the defendant. The defendant is not prejudiced in any way by the court's failure to fine him. Because the trial court's failure to impose the fine was not raised by the State in either the trial court or on appeal, we are not required to take any action. As such, we decline to correct the illegally lenient sentence. See State v. Price, 05-2514 (La. App. 1 Cir. 12/28/06), 952 So.2d 112 (en banc), writ denied, 07-0130 (La. 2/22/08), ___ So.2d ___.

DECREE
For the foregoing reasons, we affirm the conviction and the habitual offender adjudication and sentence on count I. We affirm the convictions and sentences on counts II and III.
CONVICTION AND HABITUAL OFFENDER ADJUDICATION AND SENTENCE ON COUNT I AFFIRMED; CONVICTIONS AND SENTENCES ON COUNTS II AND III AFFIRMED
NOTES
[1] The court noted that the defense was incorrect on this last point because the defendant had previously been convicted of one count of simple burglary and two counts of possession of cocaine.