**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 KA 0340

STATE OF LOUISIANA

VERSUS

RUSTY WILLIE

Judgment rendered: **MAR 1 1 2021**

\* \* \* \* \*

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 36616, Div. "B"

The Honorable Charlotte H. Foster, Judge Presiding

\* \* \* \* \*

Scott M. Perrilloux
District Attorney
Kurt Wall
Brad Cascio
Zachary Daniels
Serena Birch
Jeff Hand
Assistant District Attorneys
Livingston, Louisiana

Attorneys for Appellee
State of Louisiana

Meghan Harwell Bitoun
Appellate Counsel
New Orleans, Louisiana

Attorney for Defendant/Appellant
Rusty Willie

\* \* \* \* \*

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

The defendant, Rusty Willie, was charged by bill of information with two counts of sexual battery upon K.M., a victim under the age of thirteen, violations of La. R.S. 14:43.1. He pled not guilty and, following a jury trial, was found guilty as charged on both counts. On each count, the defendant was sentenced to twenty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run consecutively. The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, designating three assignments of error. We affirm the convictions and sentences.

## FACTS

K.M.'s parents had joint custody of her. Both of K.M.'s parents were remarried. Her mother was married to the defendant. In the fall of 2017, nine-year-old K.M.[1] was staying at her mother's house in Livingston Parish for one of the shared custodial weeks. K.M. testified at trial that she was sleeping on the couch in the living room. The defendant came home from work late that night and pulled down K.M.'s pants, which woke her up. The defendant then pulled down her underwear to above her knees, and he rubbed her vagina for about one or two minutes, then left. Over a month later, K.M. was again staying at her mother's house. She was lying awake on the top bunkbed in her bedroom. The defendant walked into her room and rubbed her vagina over her underwear for about one or two minutes, then left.

The defendant did not testify at trial.

---

[1] K.M. turned 10 in the fall of 2017.

2

## ASSIGNMENT OF ERROR NUMBER 1

In his first assignment of error, the defendant argues the trial court erred in admitting evidence under La. Code Evid. art. 412.2 because it was more prejudicial than probative.

Prior to trial, the State filed notice of intent to introduce evidence of other crimes, bad acts, or wrongs, pursuant to La. Code Evid. art. 412.2. The defendant objected to the use of such evidence, which involved another victim, K.T. The trial court ruled that the evidence regarding K.T. was admissible at trial. At trial, K.T. testified that in 2010 when she was seventeen years old, she went to live with the defendant and his wife for a couple of weeks. She and the thirty-one-year old defendant began a consensual sexual relationship. At some point, K.T. moved out of the defendant's house and into a camper on her aunt's property. She informed the defendant that she wanted to discontinue the relationship with him. Despite cutting ties with the defendant, the defendant went to K.T.'s camper several weeks later. He began touching K.T. and she told him she did not "want to do this" and wanted nothing "to do with this anymore." The defendant took her clothes off and threw her on the bed. He grabbed and held her and, without her consent, had vaginal and oral intercourse with her. K.T. called the police the next day, who went to her camper and took a report. K.T. then went to the hospital to have a rape kit done.

The defendant asserts in brief that K.T. testified about irrelevant information such as her belief the defendant was neglecting his child. She also catalogued various details of her relationship with the defendant while she lived with him and his wife and took care of their child. This testimony, according to the defendant, was unduly and unfairly prejudicial and should have been excluded from evidence at trial since the likelihood this evidence lent confusion of the issues was high.

3

Also, the defendant suggests, the probative value of the testimony of sexually assaultive behavior was not high because it did not pertain to the allegations of the instant case in any way. He argues that, rather, this evidence, rather, of his sexual assault served to paint a picture of him as a person of low character. At best, the defendant suggests, "any moderately probative evidence portrayed here was quite narrow when compared to the totality of that testimony." As such, the defendant contends, the evidence failed the balancing test of La. Code of Evid. art. 403, and the trial court abused its discretion in allowing the evidence.

Louisiana Code of Evidence article 412.2 provides:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
> B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
> C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

Louisiana Code of Evidence article 412.2 was a legislative response to earlier decisions from the Louisiana Supreme Court refusing to recognize a "lustful disposition" exception to the prohibition of other crimes evidence under La. Code Evid. art. 404. **State v. Buckenberger**, 2007-1422 (La. App. 1st Cir. 2/8/08), 984 So.2d 751, 757, writ denied, 2008-0877 (La. 11/21/08), 996 So.2d 1104. Ultimately, questions of relevancy and admissibility of evidence are discretion calls for the trial court. Such determinations regarding relevancy and admissibility should not be overturned absent a clear abuse of discretion. **State v. Mosby**, 595 So.2d 1135, 1139 (La. 1992); **State v. Friday**, 2010-2309 (La. App. 1st Cir. 6/17/11), 73 So.3d 913, 925, writ denied, 2011-1456 (La. 4/20/12), 85 So.3d 1258.

4

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Evid. art. 401. All relevant evidence is admissible except as otherwise provided by positive law. Evidence which is not relevant is not admissible. La. Code Evid. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time. La. Code Evid. art. 403.

We find no abuse of discretion in the trial court's ruling allowing the introduction of K.T.'s testimony at trial. While the defendant argues in brief that much of K.T.'s testimony was irrelevant, K.T. simply responded to the questions she was asked. Moreover, defense counsel lodged few objections to K.T.'s testimony at trial. During her testimony, K.T. began describing an incident where the defendant inappropriately touched her in a swimming pool. Defense counsel objected because they were not familiar with this incident. The trial court informed the prosecutor to move on. Over the next fourteen pages of testimony, including K.T.'s description of how the defendant sexually assaulted her, defense counsel objected twice. One objection was sustained and the other was overruled.

At any rate, based on the similarities between the defendant's behavior with K.M. and K.T., we find the evidence of other sexually assaultive behavior was highly relevant and probative to show the defendant's propensity for sexual activity with young females related to him or under his care and living in his household. See State v. Robertson, 51,521 (La. App. 2nd Cir. 8/16/17), 243 So.3d 1196, 1203-04. We note that even though the victim in the instant matter was several years younger than seventeen-year-old K.T., the evidence of K.T.'s

5

sexual abuse by the defendant was still relevant and admissible under La. Code Evid. art. 412.2. Evidence of a defendant's sexually assaultive behavior is admissible under La. Code Evid. art. 412.2 regardless of the victim's age. **State v. Wright**, 2011-0141 (La. 12/6/11), 79 So.3d 309, 316.

Article 412.2 uses the term "sexually assaultive behavior" as a general expression that is not restricted to the statutory definition of "assault" given in La. R.S. 14:36. As used in this Article sexually assaultive behavior includes the types of conduct that are proscribed, for example, by simple rape, forcible rape, aggravated rape, sexual battery, and crimes against nature. This enumeration is intended to be illustrative and not exclusive. **State v. Layton**, 2014-1910 (La. 3/17/15), 168 So.3d 358, 361-62. Thus, the defendant's non-consensual sexual intercourse with K.T. clearly constituted sexually assaultive behavior under La. Code Evid. art. 412.2.

Based on the foregoing, we find that the probative value of the evidence of the defendant's sexual assault of K.T. was not outweighed by the danger of unfair prejudice under La. Code Evid. art. 403. See **State v. Verret**, 2006-1337 (La. App. 1st Cir. 3/23/07), 960 So.2d 208, 220-22, writ denied, 2007-0830 (La. 11/16/07), 967 So.2d 520. The trial court did not abuse its discretion in finding this evidence relevant and admissible and, accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER 2

In his second assignment of error, the defendant argues the trial court erred in failing to grant a mistrial, when in its closing argument, the State referred to the defendant as a sex offender.

In its rebuttal closing argument, the State argued in pertinent part: "But are we only going to cast blame – are we only going to cast blame on the [K.M.'s

father and stepmother] for finding out that their children's mother may be dating a sex offender and for them trying to take some type of action." Defense counsel moved for a mistrial because the State called the defendant a sex offender. Defense counsel noted that both of the defendant's prior convictions were misdemeanors and did not require registration as a sex offender. The trial court overruled the motion for mistrial, noting that the State said the defendant was a sex offender, not a "registered" sex offender.

The defendant argues in brief that the jury very likely understood the State to mean the defendant was a registered sex offender. According to the defendant, this comment was inappropriate, very likely influenced the jury, and contributed to the verdict in this case.

Louisiana Code of Criminal Procedure article 770 governs mistrials on the basis of prejudicial remarks and provides:

> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
> (1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
> (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
> (3) The failure of the defendant to testify in his own defense; or
> (4) The refusal of the judge to direct a verdict.
> An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

The remark by the State did not fall under La. Code Crim. P. art. 770. Accordingly, the applicable law is La. Code Crim. P. art. 771, which provides in pertinent part:

> In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing

7

of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:

(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770[.]

A mistrial under the provisions of La. Code Crim. P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. **State v. Flowers**, 2016-0130 (La. App. 1st Cir. 9/19/16), 204 So.3d 271, 284, writ denied, 2016-1871 (La. 9/6/17), 224 So.3d 983. A mistrial is warranted when certain remarks are considered so prejudicial and potentially damaging to the defendant's rights that even a jury admonition could not provide a cure. See **State v. Edwards**, 97-1797 (La. 7/2/99), 750 So.2d 893, 906, cert. denied, 528 U.S. 1026, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). Mistrial is a drastic remedy that is authorized only where substantial prejudice will otherwise result to the accused. **State v. Anderson**, 2000-1737 (La. App. 1st Cir. 3/28/01), 784 So.2d 666, 682, writ denied, 2001-1558 (La. 4/19/02), 813 So.2d 421. A trial court's ruling denying a mistrial will not be disturbed absent an abuse of discretion. **State v. Givens**, 99-3518 (La. 1/17/01), 776 So.2d 443, 454; **State v. Johnson**, 2006-1235 (La. App. 1st Cir. 12/28/06), 951 So.2d 294, 300.

Closing arguments in criminal cases shall be restricted to the evidence admitted, to the lack of evidence, to conclusions of fact that may be drawn therefrom, and to the law applicable to the case. Further, the State's rebuttal shall be confined to answering the argument of the defendant. La. Code Crim. P. art. 774. Prosecutors are allowed wide latitude in choosing closing argument tactics. **State v. Draughn**, 2005-1825 (La. 1/17/07), 950 So.2d 583, 614, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). The trial court has broad discretion in controlling the scope of closing arguments, and this court will not reverse a

conviction on the basis of improper closing argument unless thoroughly convinced that the remarks influenced the jury and contributed to the verdict. **State v. Vansant**, 2014-1705 (La. App. 1st Cir. 4/24/15), 170 So.3d 1059, 1063.

We find no reason to disturb the trial court's denial of the motion for mistrial. Defense counsel did not request that the trial court admonish the jury. Moreover, there was nothing improper about the State's remark. The defendant had stipulated to two prior convictions of carnal knowledge of a juvenile and the jury heard evidence of such. A person convicted of a sex offense *is* a sex offender. The point of the State's entire closing argument – why it was asking the jury to find the defendant guilty–was that he was a sex offender. As the trial court correctly noted in denying the defendant's motion for mistrial, the State made no mention or allusions to the sexual offender registry or that the defendant was a "registered" sex offender. In any event, the trial court instructed the jury in its jury instructions that opening statements and closing arguments were not evidence. Much credit should be accorded to the good sense and fairmindedness of jurors who have seen the evidence, heard the argument, and have been instructed by the trial court that arguments of counsel are not evidence. **State v. Mitchell**, 94-2078 (La. 5/21/96), 674 So.2d 250, 258, cert. denied, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 538 (1996); **Vansant**, 170 So.3d at 1065.

The prosecutor's remarks in rebuttal did not contribute to the verdicts nor make it impossible for the defendant to obtain a fair trial. See La. Code Crim. P. art. 775; **Vansant**, 170 So.3d at 1064. Based on the foregoing, we find no abuse of discretion in the trial court's denial of the defendant's motion for a mistrial. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER 3

In his third assignment of error, the defendant argues the trial court erred in imposing unconstitutionally excessive sentences. Specifically, the defendant contends that the imposition of consecutive sentences in this case is excessive and is not narrowly tailored to the circumstances. He asks this court to reverse the sentence in favor of a sentence that is more appropriately tailored to the circumstances.

The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Scott**, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, <u>writ denied</u>, 2017-1743 (La. 8/31/18), 251 So.3d 410.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. **Scott**, 228 So.3d at 211. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Brown**, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So.2d 566, 569.

10

The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982). The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See La. Code Crim. P. art. 894.1(A) & (B); **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981).

The defendant was sentenced to twenty-five years imprisonment at hard labor on each count for a total sentence of fifty years imprisonment. In brief, the defendant notes that since the sentences are without benefit of parole, probation, or suspension of sentence, he will be almost ninety years old at the completion of his sentence. He will have "nothing to work toward, no goal to reach in sight of his own rehabilitation." Although the trial court ordered and reviewed a presentence investigation report, the defendant suggests the court did not articulate thorough reasons for the consecutive sentences.

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. Code Crim. P. art. 883. Thus, La. Code Crim. P. art. 883 specifically excludes from its scope sentences which the court expressly directs to be served consecutively. Furthermore, although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily

11

excessive. **State v. Palmer**, 97-0174 (La. App. 1st Cir. 12/29/97), 706 So.2d 156, 160. The trial court retains the discretion to impose consecutive sentences on the basis of other factors, including past criminality, violence in the charged crimes, or the risk the defendant poses to the general safety of the community. **State v. Dantin**, 2019-0407 (La. App. 1st Cir. 12/17/19), 291 So.3d 1096, 1105.

The trial court herein expressly directed that the two sentences were to run consecutively. These sentences, therefore, are outside the scope of La. Code Crim. P. art. 883. See **Palmer**, 706 So.2d at 160. In its reasons for imposing consecutive sentences, the trial court stated: "Based on the testimony that I heard at trial, not only from the young lady who suffered at your hand, but also the other victim. In reading the pre-sentence investigation, I believe this is an appropriate sentence."

We note as well that the two acts of sexual battery upon K.M. were not based on the same act or transaction. Each incident was separate and distinct, and occurred more than a month apart. See **State v. Williams**, 2018-1082 (La. App. 1st Cir. 5/9/19), 277 So.3d 337, 343-44, writ denied, 2019-00967 (La. 11/25/19), 283 So.3d 500. The defendant faced ninety-nine-year sentences for each count. He was sentenced to the minimum sentence on each count. See La. R.S. 14:43.1(C)(2). In light of the foregoing, and particularly in light of the defendant's use of his position or status to facilitate the commission of the offenses upon a young female victim, we find the trial court did not abuse its discretion in imposing consecutive sentences. See **State v. Williams**, 52,052 (La. App. 2nd Cir. 6/27/18), 250 So.3d 1200, 1206. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**

12