LOLLEY, J.
This criminal appeal arises from the Fifth Judicial District Court, Parish of Franklin, State of Louisiana. Following a jury trial, Roy L. Mason was found guilty of indecent behavior with a juvenile, a violation of La. R.S. 14:81, and sentenced to seven years at hard labor with four years suspended, credit for time served, and fined $2,000.00. For the following reasons, we affirm.
FACTS
On June 25, 2005, I.S.[1] was at her aunt’s and uncle’s house returning some DVDs she had borrowed. After she finished putting the DVDs away, her uncle, Mason, came up behind her, reached over her right shoulder and squeezed her breast. No one else was in the room at the time of the incident; however, I.S.’s cousins, Roy Mason, Jr., defendant’s son, and Armando Credit, defendant’s nephew, were at the house but in another room. I.S. told her cousins about the incident immediately after it happened and after a brief discussion, Armando walked I.S. back to her home located next door.
When I.S. returned home, Mason called and told her not to tell anybody. I.S. hung up. Mason called back and this time I.S.’s mother, Kimberly Leach, answered. Mason told Kimberly that I.S. was lying. Kimberly responded that she did not know what he was referring to and eventually Mason hung up. Kimberly asked I.S. what was going on and I.S. told her mother what happened. Subsequently, I.S. and Kimberly went to the police station to make a complaint.
On September 2, 2005, the defendant, Roy L. Mason, was charged by bill of information with indecent behavior with a juvenile, a violation of La. R.S. 14:81. Several pretrial motions were filed, including a motion by the state to introduce “other crimes” evidence. The “other crimes” evidence involved an incident that happened in 1989 between Roy Mason and another niece, Marcia Credit, including inappropriate sexual comments and fondling. After a hearing, the trial court ruled in favor of admissibility of the other crimes evidence with instructions to the jury for its limited purpose. Following a trial, the jury unanimously found Mason guilty as charged. He was sentenced to seven years at hard *799 labor with four years suspended, credit for time served, and fined $2,000.00. This appeal ensued.
LAW AND DISCUSSION
In his first assignment of error, Mason argues that I.S. was the sole witness and that no other direct evidence was presented by the state. The defendant further argues that I.S. was not a credible witness because she gave inconsistent statements regarding the alleged behavior, and her testimony conflicted with what other witnesses had testified to at trial.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential- elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 1995-1377 (La.02/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.08/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.09/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.02/22/06), 922 So.2d 517. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.08/30/02), 827 So.2d 508, writ denied, 2002-3090 (La.11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Parker, 42,311 (La.App. 2d Cir.08/15/07), 963 So.2d 497.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App. 2d Cir.09/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.03/28/03), 840 So.2d 566, 2002-2997 (La.06/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Wiltcher, 41,981 (La.App. 2d Cir.05/09/07), 956 So.2d 769. This is equally applicable to the testimony of victims of sexual assault. State v. Robinson, 36,147 (La.App. 2d Cir.12/11/02), 833 So.2d 1207. See also State v. Simpson, 39,268 (La.App. 2d Cir.01/26/05), 892 So.2d 694.
In the instant case, in order to find the defendant guilty of indecent behavior with juveniles, the state had to prove beyond a reasonable doubt that the defendant, with the intention of arousing or gratifying the *800 sexual desires of either himself or the victim, committed a lewd or lascivious act upon the victim or in her presence, that she was under the age of seventeen, and that there was an age difference of greater than two years between them. See La. R.S. 14:81(A)(1).
Here, the state established that I.S. was 16 and the defendant, her uncle, was 51 years old at the time of the offense. Testimony from Roy Mason, Jr. and Armando Credit corroborated that I.S. was alone with her uncle for some amount of time and that after the incident she told them what happened. I.S. went home and immediately reported it to her mother, who also testified to the same. In addition to the evidence of I.S.’s testimony, and to the undisputed fact that Mason was alone with I.S., Madeline Mason, his wife, testified and confirmed that she heard her husband speak to I.S. on the phone immediately after I.S. left their house, corroborating another portion of I.S.’s testimony. Furthermore, the jury had the “other crimes” evidence from which it could reasonably have drawn the conclusion that Mason had a lustful disposition.
Mason makes much of the inconsistency concerning I.S.’s statements of what happened immediately after the defendant touched her. One statement seemed to indicate that I.S. called her cousins into the room after Mason had touched her and left the room, whereas her statements to the police indicated that she called the cousins into the room to help “fight” her uncle. At trial, I.S. explained that the word “fight” was in reference to what she heard to be an oral argument, presumably about the incident. On cross-examination, I.S. was questioned about the discrepancy in great detail. As this court has said in the past, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, supra. Thus, it is clear that the jury considered but rejected this argument. Accordingly, the state established, and the jury found, that Mason committed a lewd and lascivious act upon I.S. After a review of the record, we find this assignment is without merit.
In his second assignment of error, Mason argues that the sentence imposed is excessive. Specifically, mitigating factors should have been given more consideration and that the goals of rehabilitation and punishment can be best accomplished by á less severe sentence. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged.
First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.01/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.03/11/05), 896 So.2d 57 and 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal *801 record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.04/09/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App. 2d Cir.01/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 1995-2784 (La.05/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
Here, the court reviewed the presen-tence investigation report that contained both aggravating and mitigating information. Mason was found to be a first felony offender with a limited criminal history. The trial court went over Mason’s social history, education, and work record, and noted that Mason had a daughter who had recently been diagnosed with multiple sclerosis whom he helps out financially. The trial court also noted that Mason had a very good employment record.
However, the trial court further indicated that it felt that imprisonment was necessary because a lesser sentence would deprecate the seriousness of the crime. The trial court also found that Mason knew or should have known that I.S. was vulnerable because of her youth. Furthermore, it was determined that Mason used his position as a relative and neighbor to facilitate the commission of the offense and, he used his influence to try to prevent her from reporting the incident. In addition, I.S. and her mother testified that after the incident, I.S. was afraid to walk past Mason’s house to get to school. Instead, Kimberly drove her to school so she could avoid seeing her uncle. Although at the highest end of the sentencing range, it is apparent that the trial court recognized the pertinent factors involved. After a review of the record we cannot find that the sentence imposed by the trial court was an abuse of discretion, however harsh it may be.
CONCLUSION
For the foregoing reasons, Roy L. Mason’s judgment and sentence are affirmed.
AFFIRMED.

. In accordance with La. R.S. 46:1844(W)(l)(a), initials are used in order to protect the identity of the victim.