# Supreme Court of Louisiana

The Opinions handed down on the **17th day of March, 2015**, are as follows:

**BY KNOLL, J.**:

2014-KK-1910      STATE OF LOUISIANA v. GARY LAYTON C/W STATE OF LOUISIANA v.  GARY LAYTON (Parish of Orleans)(Admissibility of Evidence)

For the foregoing reasons, the Trial Court's judgment excluding evidence of the 1997 charge is reversed and vacated. This matter is remanded to the Trial Court for further proceedings consistent with the views expressed in this opinion.
REVERSED AND REMANDED.

## SUPREME COURT OF LOUISIANA

## NO. 2014-KK-1910

## STATE OF LOUISIANA

## VERSUS

## GARY LAYTON

## CONSOLIDATED WITH

## STATE OF LOUISIANA

## VERSUS

## GARY LAYTON

## ON SUPERVISORY WRITS TO CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

**KNOLL, JUSTICE**

This case is in a pretrial posture concerning the admissibility of evidence of defendant's past "sexually assaultive behavior," which is not statutorily defined as a sexual offense.

At a pretrial hearing on the State's motion to introduce evidence pursuant to La. Code Evid. art. 412.2 of defendant's 1997 "sexually assaultive behavior," the Trial Court ruled the evidence was inadmissible because defendant's alleged conduct did not meet the "elements of a sexual battery" as defined by state law. The Court of Appeal agreed with the Trial Court and denied supervisory writs. For the following reasons, we reverse the Trial Court, finding Article 412.2 does not strictly limit evidence of past "sexually assaultive behavior" to sexual offenses defined by state law, and remand this matter to the Trial Court for further proceedings.

# FACTS AND PROCEDURAL HISTORY

The defendant, Gary Layton, is accused of forcibly raping a woman who had been staying at his home. On November 2, 2013, he allegedly beat the victim to the point of causing visible injuries, accused her of stealing from his wallet, pulled her pants down, and vaginally raped her.

On December 12, 2013, the defendant was charged by a bill of information. He entered a plea of not guilty. The State subsequently filed a notice of intent in accordance with La. Code Evid. art. 412.2 to introduce evidence of two alleged incidents of defendant's past sexually assaultive behavior. First, in 1977, the defendant committed aggravated rape on another victim. Outside of a local bar in the early morning hours, the defendant coerced the victim to give him a ride in her car. He began to fondle her and asked if she would have oral or vaginal sex with him. When she refused, he led her to believe he was armed with a handgun. He took her to a gazebo in Audubon Park. There, he raped her. Shortly after, police officers saw the couple and, after the victim relayed what had occurred, the defendant was arrested. The defendant was ultimately found not guilty by reason of insanity.[1]

In the second alleged incident, the defendant approached the victim on St. Charles Avenue on August 24, 1997, at approximately 2:00 a.m. He placed a knife to her throat and ordered her to remove her shirt. The victim complied, and the defendant began to fondle her breasts. A passerby saw the incident and attacked the defendant, who then fled. Police officers located him in the area and the victim positively identified him. A police report was completed; however, the district attorney declined to prosecute the defendant for this charge.

---

[1] The defendant served approximately ten years in a state mental health facility following this judgment. His subsequent history consists of long intervals of active probation, brief periods of incarceration, and an additional multi-year placement at a state mental health facility.

The defendant filed a motion to exclude evidence of these incidents. At a hearing on the motions, the Trial Court ruled the 1977 charge was admissible but excluded the 1997 charge, finding it was not admissible as "sexually assaultive behavior" under La. Code Evid. art. 412.2, because no allegations of touching of the victim's genitals or anus were made as required by the state statute defining sexual battery.[2] The Fourth Circuit denied supervisory writs, agreeing with the Trial Court the 1997 charge "did not amount to sexually assaultive behavior as statutorily defined." We granted this writ because we find the lower courts erred in their interpretation of La. Code Evid. art. 412.2.

## STANDARD OF REVIEW

As we find the Trial Court erred in its interpretation of the applicable law, we apply a *de novo* standard of review in this matter. *Evans v. Lungrin,* 97-0541 (La. 2/6/98), 708 So.2d 731; *Lasha v. Olin Corp.*, 625 So.2d 1002, 1006 (La. 1993).

## DISCUSSION

Article 412.2 of the Louisiana Code of Evidence creates an exception to the rule set forth in Article 404(B)(1), which generally prohibits the introduction of evidence of "other crimes, wrongs or acts" for the purpose of proving a person's character or propensity to criminal activity. Article 412.2, entitled "Evidence of similar crimes, wrongs, or acts in sex offense cases," states in pertinent part:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, **evidence of the accused's commission of another crime, wrong, or act involving <u>sexually assaultive behavior</u>** or acts which indicate a lustful disposition toward children **may be admissible and may be considered for its bearing on any matter to**

---

[2] La. R.S. § 43.1, entitled "Sexual Battery," provides, in pertinent part: "A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim…." (Emphasis added).

**which it is relevant subject to the balancing test provided in Article 403.**

La. Code Evid. art. 412.2 (emphasis added). The meaning of the term "sexually assaultive behavior," not defined in statute, is at the heart of the instant matter. According to the defendant, this term connotes only those sexual offenses defined under Louisiana law. In support, defendant points to this Court's acknowledgement that La. Code. Evid. art. 412.2 was enacted primarily in response to two decisions of this Court, *State v. McArthur*, 97–2918 (La. 10/20/98), 719 So.2d 1037, and *State v. Kennedy*, 2000–1554 (La. 4/3/01), 803 So.2d 916. *State v. Wright*, 2011-0141 (La. 12/6/11), 79 So.3d 309, 317. *McArthur* and *Kennedy* involved prosecutions for aggravated rape in which the State sought to introduce evidence of other sexual offenses committed by the defendants pursuant to a jurisprudentially-created "lustful disposition" exception to Article 404's "other crimes" prohibition. *Wright*, 79 So.3d at 317. In both cases, this Court refused to recognize the so-called "lustful disposition" exception, noting the evidence would be admissible if Louisiana had a state counterpart to Federal Rule of Evidence 413, allowing evidence of similar crimes in sexual assault cases. *Id.*

Defendant points out the evidence deemed inadmissible in *Kennedy* and *McArthur* related to previous allegations of rape and attempted rape, both defined sexual offenses under Louisiana law. Furthermore, defendant argues, Federal Rule of Evidence 413, which inspired the Legislature to draft Article 412.2, explicitly enumerates only statutorily-defined offenses as being admissible. [3] Indeed,

---

[3]     (d)Definition of "Sexual Assault."
In this rule and Rule 415, " sexual assault" means a crime under federal law or under state law (as " state" is defined in 18 U.S.C. § 513) involving:
(1) any conduct prohibited by 18 U.S.C. chapter 109A;
(2) contact, without consent, between any part of the defendant's body--or an object--and
another person's genitals or anus;
(3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
(4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or

defendant's interpretation is reflected in the *original* language of Article 412.2, "When an accused is charged with a crime involving sexually assaultive behavior… evidence of the accused's commission of another **sexual offense** may be admissible…" 2001 La. Sess. Law Serv. Act. 1130 (S.B. 422)(emphasis added).

However, the Legislature amended Article 412.2 in 2004, changing the language from allowing admission of "evidence of the accused's commission of another **sexual offense**" to allowing "evidence of the accused's commission of another **crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children**." 2004 La. Sess. Law Serv. Act 465 (S.B. 592) (WEST). This change in language significantly broadened the scope of evidence admissible under La. Code Evid. art. 412.2.

Although defendant argues this amendment's only purpose was to capture *uncharged* conduct which would otherwise constitute a sex offense, the amendment's legislative history contains no evidence of this intent. Indeed, when the bill was under consideration in committee meetings, multiple speakers acknowledged or expressed concern that the amendment would capture more than the actions which constitute definable offenses under Louisiana law. For example, at a House committee meeting, Representative Arthur Morrell asks rhetorically whether inappropriate comments made would constitute an admissible "wrong" or "act" under Article 412.2 if the judge subjectively believed them to be wrong. At the same meeting, Professor Maurice Franks expresses concern over the admissibility of hypothetical evidence the accused has a preference for "rough sex."[4]

---

(5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).
Fed. R. Evid. 413(d).

[4] Louisiana House of Representatives, Administration of Criminal Justice Committee, May 26, 2004 meeting, *available at* http://house.louisiana.gov/H_Video/2004/May2004.htm.

Additionally, although Article 412.2 may be based upon Federal Rule of Evidence 413, the two provisions are considerably different from one another. Defendant correctly notes Federal Rule 413 is strict, confining the admissibility of evidence of other acts to only allow evidence of acts which fall under the Rule's definition of "sexual assault." Louisiana's Article 412.2 contains no such limitation, and we may presume this is intentional on the part of the Legislature. Furthermore, we note Federal Rule 413 defines "sexual assault" expansively, encompassing a variety of federal and state crimes, and including touching of the breast.[5] Under the defendant's interpretation, even if the accused had been previously **convicted** of sexual assault under federal law for fondling a woman breasts, the evidence would still not constitute "sexually assaultive behavior" so as to be admissible in state court under Article 412.2. We find no support for this unduly restrictive interpretation of law.

Likewise, we reject the defendant's assertion La. R.S. § 15:541, which supplies a definition for the term "sex offense" at § 15.541(24)(a) for the Louisiana Revised Statutes' chapter on Registration of Sex Offenders, Sexually Violent Predators, and Child Predators, provides definable boundaries for courts to apply when considering what constitutes "sexually assaultive behavior." If the Legislature had intended to create limitations through a reference to this or any other statute, it would have done so. La. R.S. § 15:541 and La. Code Evid. art 412.2 are unrelated provisions and do not reference each other in any fashion. Nor does the former provision even contain the term "sexually assaultive behavior." Rather, La. R.S. § 15:541 discusses "sex offences," a term not used anywhere in Article 412.2.

---

[5] Under Fed. R. Evid. 413, a sexual assault is defined as "any conduct prohibited by 18 U.S.C. chapter 109A." 18 U.S.C. chapter 109A punishes "abusive sexual contact" defined as "the **intentional touching** … of the genitalia, anus, groin, **breast**, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" (emphasis added). 18 U.S.C.A. § 2244; 18 U.S.C § 2246(3).

Furthermore, we find the following legislative comment to Article 412, which predates the enactment of Article 412.2, supports a broad interpretation of the term "sexually assaultive behavior":

> **This Article uses the term "sexually assaultive behavior" as a general expression that is not restricted to the technical definition of "assault" given in R.S. 14:36.** As used in this Article sexually assaultive behavior includes the types of conduct that are proscribed, for example, by R.S. 14:41 (rape), R.S. 14:42 (aggravated rape), R.S. 14:42.1 (forcible rape), R.S. 14:43 (simple rape), R.S. 14:43.1 (sexual battery), R.S. 14:43.2 (aggravated sexual battery), R.S. 14:80 (carnal knowledge of a juvenile), R.S. 14:81 (indecent behavior with a juvenile), R.S. 14:81.1 (pornography involving juveniles), R.S. 14:81.2 (molestation of a juvenile), R.S. 14:89 (crime against nature), R.S. 14:89.1 (aggravated crime against nature), R.S. 14:27 (attempt of any of the foregoing offenses). **This enumeration is intended to be illustrative and not exclusive.**

La. Code. Evid. art. 412, COMMENTS—1998 (Emphasis added).

As described by this comment, "sexually assaultive behavior" is a "*general expression*" which the Legislature used intentionally in order to reference a broad range of behavior not limited by any list of "technical" statutory definitions.

Having recognized "sexually assaultive behavior" to be a general expression not limited by statutorily-designated offences, we find the allegations of the 1997 charge are clearly captured by this expression. As the State correctly argues, Louisiana appellate courts have consistently deemed fondling of breasts is done with the intent to arouse or gratify sexual desires.[6] We find the defendant's alleged fondling of the victim's breasts at knifepoint constitutes a self-evident effort to gratify or arouse sexual desire. Therefore, this evidence may be admissible subject to the balancing test in La. Code Evid. art. 403.

As an alternative argument, defendant alleges the 1997 charge is inadmissible even if it constitutes "sexually assaultive behavior" under La. Code

---

[6] *See, e.g., State v. Forbes*, 97-1839, pp. 6-7 (La. App. 1 Cir. 6/29/98), 716 So.2d 424, 428; *State v. Roberts*, 541 So.2d 961, 967 (La. App. 2 Cir. 3/29/89); *State v. Ragas*, 607 So.2d 967, 972-973 (La. App. 4 Cir. 10/29/02) *writ denied*, 612 So.2d 97 (La. 1993); *State v. Bahm*, 490 So.2d 384, 387-88 (La. App. 5 Cir. 6/2/86).

Evid. art. 412.2, because it consists of highly prejudicial, unproven allegations. We note the balancing test set forth in La. Code Evid. art. 403 to insure the fundamental fairness of proceedings must still be applied as required by La. Code Evid. art. 412.2.[7] Because the Trial Court found the evidence of the 1997 incident inadmissible based on its interpretation of La. Code Evid. art. 412.2, it did not perform this balancing test. We leave this matter for the Trial Court's determination after remand.

## DECREE

For the foregoing reasons, the Trial Court's judgment excluding evidence of the 1997 charge is reversed and vacated. This matter is remanded to the Trial Court for further proceedings consistent with the views expressed in this opinion.

**REVERSED AND REMANDED.**

---

[7] La Code Evid. art. 403 provides "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."