## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2023 KA 0698

### STATE OF LOUISIANA

### VERSUS

### ANTOINE ASARA HARTLEY

*DATE OF JUDGMENT:*    JAN 2 3 2024

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 3893-F-2019, DIVISION I

HONORABLE REGINALD T. BADEAUX, III, JUDGE

\* \* \* \* \* \*

Warren LeDoux Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana


Peggy J. Sullivan
Monroe, Louisiana

Counsel for Defendant-Appellant
Antoine Asara Hartley

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: **CONVICTION AND SENTENCE AFFIRMED.**

**CHUTZ, J.**

The defendant, Antoine Asara Hartley, was charged by bill of information with one count of indecent behavior with juveniles on a victim under the age of thirteen (count one), in violation of La. R.S. 14:81(A)(1) and (H)(2), and one count of indecent behavior with juveniles on a victim under the age of seventeen (count two), in violation of La. R.S. 14:81(A)(1) and (H)(1). He pled not guilty on both counts and, following a jury trial, was found guilty as charged on count one and not guilty on count two. The trial court denied the defendant's motion for new trial and motion for post-verdict judgment of acquittal. The State subsequently filed a serial sex offender bill of information pursuant to La. R.S. 15:537(B), and the trial court sentenced the defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence. The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals, designating four assignments of error. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS[1]

In 2019, sisters D.M.[2] and B.M.[3] lived with their mother in Slidell, Louisiana, where they frequently babysat for their neighbors, the Conrads. While babysitting sometime in May or June of 2019, D.M. and B.M. met the defendant, an acquaintance of the Conrads. Although the defendant was initially amiable, he began to make inappropriate comments and ultimately escalated to physical contact. On one occasion, the defendant touched B.M. on her thighs and breasts, over her clothes. D.M. also accused the defendant of touching her inappropriately. After B.M. told her mother what happened, the incident was reported to the St.

---

[1] Because these charges involve sex offenses, we reference the victims by their initials. See La. R.S. 46:1844(W).

[2] D.M.'s date of birth is July 22, 2002.

[3] B.M.'s date of birth is March 7, 2008. She was eleven years old at the time of the offense.

2

Tammany Parish Sheriff's Office. Based on the investigation, the defendant was arrested and advised of his **Miranda**[4] rights, after which he gave a statement denying any wrongdoing. He did not testify at trial. Subsequently, a unanimous jury found the defendant not guilty of indecent behavior with respect to D.M. and guilty of indecent behavior with respect to B.M.

## SUFFICIENCY OF THE EVIDENCE

In his first assignment of error, the defendant argues that the evidence was insufficient to support a conviction of indecent behavior with a juvenile, B.M. Specifically, he complains that his conviction relied on B.M.'s testimony and that there was no physical evidence to corroborate her testimony. The defendant further argues the State failed to prove beyond a reasonable doubt, as required by La. R.S. 14:81(A), that he touched B.M. with the specific intent to arouse or gratify sexual desires.

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV, § 1; La. Const. art. I, § 2. The standard of review for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P. art. 821(B); **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); **State v. Oliphant**, 2013-2973 (La. 2/21/14), 133 So.3d 1255, 1258-59 (per curiam). The **Jackson** standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of

---

[4] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

innocence. **State v. Dyson**, 2016-1571 (La. App. 1st Cir. 6/2/17), 222 So.3d 220, 228, writ denied, 2017-1399 (La. 6/15/18), 257 So.3d 685.

Indecent behavior with a juvenile is defined as the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. La. R.S. 14:81(A)(1). The word "lewd" means lustful or indecent and signifies that form of immorality that relates to sexual impurity carried on in a wanton manner. It is identified with obscenity and measured by community norms for morality. The word "lascivious" means tending to incite lust, indecent, obscene, and tending to deprave the morals in respect to sexual relations. Indecent behavior with juveniles is a specific intent crime where the State must prove the defendant's intent to arouse or gratify his sexual desires by his actions with a child. **State v. Francis**, 2019-1392 (La. App. 1st Cir. 12/17/20), 318 So.3d 862, 868. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1).

At trial, B.M. testified that she was eleven years old in 2019 when she babysat for the Conrads and met the defendant, whom she knew as "Joe." Although she did not initiate conversation with him, he made her uncomfortable through inappropriate questions and comments, such as asking whether she would date him. One day while she was babysitting, the defendant suddenly touched her on her thighs and her breasts. She denied the possibility that the defendant touching her could have been an accident or mistake.

Approximately three months after the incident, B.M. was interviewed at the Children's Advocacy Center (CAC). B.M.'s CAC statement, which was played for the jury, matched her testimony at trial and expounded on the details of the

4

incident, as well as other encounters, with the defendant. B.M. explained how the defendant engaged in a series of inappropriate interactions with her. At the Conrads' home, the defendant repeatedly asked her to be his girlfriend and told her that, "if [she] was older, [they] would be dating." While she waited for the bus at the bus stop, the defendant rode his bike past her, waved at her, blew her a kiss, and said, "Hey baby." On one occasion, the defendant grabbed her waist, pulled her close to him, and told her to sit in his lap. She ran away and told Mrs. Conrad what happened. On a subsequent date, the defendant again asked her to be his girlfriend. When she refused, he pulled her close to him and touched her breast over her clothes. B.M. then told her mother that the defendant touched her.

Deputy Edwin Gornor with the St. Tammany Parish Sheriff's Office investigated the incident. After speaking with B.M.'s mother and observing B.M.'s CAC interview, he obtained an arrest warrant for the defendant. Thereafter, the defendant was advised of his **Miranda** rights, after which he gave a statement denying any wrongdoing. He claimed that he asked B.M. to be his girlfriend as a "scare tactic" to keep her away from him. Finally, he accused B.M. of dressing inappropriately, as she wore a bathing suit in his presence.

At trial, the State introduced other crimes evidence pursuant to La. Code Evid. art. 412.2. The evidence involved the defendant's prior convictions in 1993 for two counts of molestation of a juvenile. St. Tammany Parish Sheriff's Office Deputy Megan Sellstrom, an expert in latent print examination, collected the defendant's fingerprints on the morning of her testimony and compared them to the fingerprints on the bills of information associated with the prior convictions. Based on her analysis, Deputy Sellstrom determined that each set of fingerprints belonged to the same person, the defendant.

5

In the instant case, the ages of the defendant and B.M. are not in dispute.[5] Rather, the defendant asserts on appeal that the State failed to prove beyond a reasonable doubt that he committed a lewd or lascivious act upon B.M. with the specific intent to arouse or gratify the sexual desires of either person. We disagree.

Since specific intent is a state of mind, it need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant. See **State v. Graham**, 420 So.2d 1126, 1127 (La. 1982). Specifically, the requisite element of specific intent to arouse or gratify the sexual desires of either person may be inferred from the circumstances and the actions of the offender. Further, the testimony of the victim alone is sufficient to prove the elements of the offense. **State v. Rieckmann**, 2014-1441 (La. App. 1st Cir. 9/18/15), 2015 WL 5515017, *9 (unpublished).

Here, B.M. alleged that the defendant grabbed her by her waist, touched her thighs and her breasts, called her "baby," blew her kisses, and asked her to be his girlfriend. She specifically denied the possibility that the defendant touching her was an accident or mistake. The jury heard all of the testimony and chose to believe the account of B.M. The defendant did not testify or offer any witnesses to dispute B.M.'s testimony. The trier-of-fact is free to accept or reject, in whole or in part, the testimony of any witness. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier-of-fact, is sufficient to support a factual conclusion. **State v. Bedwell**, 2018-0135 (La. App. 1st Cir. 6/21/18), 2018 WL 3080356, *14 (unpublished), writ denied, 2018-1247 (La. 1/18/19), 262 So.3d 288. In finding the defendant guilty, the jury clearly rejected the defendant's theory of innocence. Further, contrary to the defendant's assertion, B.M.'s testimony alone was

---

[5] The defendant's date of birth is December 12, 1975, and he was forty-seven years old at the time of trial. Thus, he was clearly more than two years older than B.M., who was eleven years old at the time of the incident and fourteen years old at the time of trial.

6

sufficient to prove the touching was not inadvertent and was a lewd and lascivious act designed to arouse or gratify the defendant's sexual desires. See **State v. Charles**, 2014-1459 (La. App. 1st Cir. 4/24/15), 2015 WL 1884360, *3 (unpublished).

Moreover, despite the defendant's characterization of the incident as "a brief touching over the clothing of B.M.[,]" his behavior, when viewed in its totality, clearly rose to the level of lewd and lascivious conduct. See **State v. Shaikh**, 2016-0750 (La. 10/18/17), 236 So.3d 1206, 1208-1209 (per curiam) (totality of defendant's actions and statements constituted lewd and lascivious conduct, where defendant hugged victim, kissed her cheek, rubbed her thigh, slapped her rear end, and invited her to spend night with him); **State v. Mason**, 43,208 (La. App. 2d Cir. 4/30/08), 981 So.2d 795, 798-800, writ denied, 2008-1318 (La. 2/13/09), 999 So.2d 1144 (defendant's actions constituted lewd and lascivious conduct, where defendant approached victim from behind, reached over her shoulder, and squeezed her breast). This conclusion is further supported by the defendant's history of sexually inappropriate behavior with other children, as evidenced by his prior convictions for molestation of a juvenile, which were presented to the jury.

Therefore, after carefully reviewing the record in this case, we find that any rational trier-of-fact, viewing the evidence in the light most favorable to the State, could have concluded beyond a reasonable doubt that the defendant committed the crime of indecent behavior with a juvenile. Accordingly, this assignment of error is without merit.

## OTHER CRIMES EVIDENCE

In his second assignment of error, the defendant argues that the trial court erred when it permitted the State to introduce evidence of his 1993 convictions for two counts of molestation of a juvenile. Specifically, the defendant contends that the inclusion of this evidence was unfairly prejudicial under La. Code Evid. art.

7

403, as the prior convictions were thirty years ago and the victims therein differed from the victim in the instant case in age and gender.

Generally, courts may not admit evidence of other crimes for the purpose of proving a person's character or propensity for criminal activity. See La. Code Evid. art. 404(B)(1) (prior to amendment by 2023 La. Acts, No. 354, § 1, eff. 8/1/23); **State v. Layton**, 2014-1910 (La. 3/17/15), 168 So.3d 358, 359. An exception to this rule is set forth in La. Code Evid. art. 412.2, which permits the introduction of other crimes evidence in sex offense cases for the purpose of showing that the defendant has a lustful disposition toward children.[6] See **Layton**, 168 So.3d at 359-60; **State v. Wright**, 2011-0141 (La. 12/6/11), 79 So.3d 309, 316-17. Louisiana Code of Evidence article 412.2(A) provides the following:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Evidence is deemed relevant if such evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Evid. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. La. Code Evid. art. 403. Ultimately, questions of relevancy and admissibility of evidence are discretion calls for the trial court. **State v. Willie**, 2020-0340 (La. App. 1st Cir. 3/11/21), 2021 WL 925922, *2 (unpublished). Accordingly, a trial

---

[6] Louisiana Code of Evidence article 412.2 was a legislative response to earlier decisions from the Louisiana Supreme Court refusing to recognize a "lustful disposition" exception to the prohibition of other crimes evidence under La. Code Evid. art. 404. See **Bedwell**, 2018 WL 3080356 at *9.

8

court's ruling on the admissibility of the additional other crimes evidence will not be disturbed absent an abuse of discretion. **State v. Altenberger**, 2013-2518 (La. 4/11/14), 139 So.3d 510, 515 (per curiam); **Willie**, 2021 WL 925922 at *2.

In the instant case, the State filed notice that it intended to introduce evidence that the defendant committed similar offenses with other juveniles, pursuant to La. Code Evid. art. 412.2. The offenses included prior convictions in 1993 for two counts of molestation of a juvenile involving two five-year-old boys and a prior conviction in 1999 for one count of forcible rape of a sixteen-year-old girl. The defendant pled guilty in each instance.

At a pre-trial hearing regarding the admissibility of the defendant's prior convictions, the State argued that the prior convictions indicated his lustful disposition toward children and, therefore, were admissible under La. Code Evid. arts. 412.2 and 403. Defense counsel objected on the basis that the convictions were unfairly prejudicial. While the trial court found the prior convictions for molestation of a juvenile to be more probative than prejudicial, it prohibited the introduction of the prior conviction for forcible rape, noting it was "too prejudicial because of the implication of violence involved."

At the beginning of trial, defense counsel asked the trial court to reconsider its ruling, noting that the defendant was seventeen years old at the time he was convicted of molestation of a juvenile in 1993. The trial court maintained its ruling and allowed the bill of information and guilty pleas for the two counts of molestation of a juvenile to be presented to the jury over defense objection.

Based on the record before us, we cannot say that the trial court abused its discretion in permitting the State to introduce evidence of the defendant's prior convictions for molestation of a juvenile. Both molestation of a juvenile and indecent behavior with a juvenile constitutes "sexually assaultive behavior" under La. Code Evid. art. 412.2. See La. Code Evid. art. 412, comment (e); **Layton**, 168

9

So.3d at 361-62. Thus, the defendant's prior convictions for molestation of a juvenile fit squarely within the confines of La. Code Evid. art. 412.2 and were independently relevant to establish the defendant's lustful disposition toward children, subject to the balancing test in La. Code Evid. art. 403.

Moreover, the probative value of the evidence was not outweighed by the danger of unfair prejudice under La. Code Evid. art. 403. The defendant fails to show how he was prejudiced by the lapse in time between the prior convictions and the present offense. A lapse in time goes to the weight of the evidence, rather than to its admissibility. The time between other crimes evidence and the offense charged is only one factor to be considered when balancing probative value, prejudicial effect, and relevancy. The length of time between the offenses should not exclude otherwise admissible evidence unless the lapse strips the testimony of probative value. See **Altenberger**, 139 So.3d at 516. As discussed herein, the defendant's prior convictions were independently relevant to establish his lustful disposition toward children. Therefore, the lapse in time did not unfairly prejudice the defendant.

The defendant likewise fails to establish how he was prejudiced by the difference in the gender and/or the ages of the victims. Prior crimes differing from those at issue in a prosecution are still probative to establish a defendant's "lustful disposition" toward children. "Further, in enacting Article 412.2, the Legislature did not see fit to impose a restriction requiring such evidence to meet a stringent similarity requirement for admissibility." **Wright**, 79 So.3d at 317; **State v. Dawson**, 2019-1612 (La. App. 1st Cir. 11/17/20), 316 So.3d 77, 89, writ denied, 2021-00217 (La. 5/4/21), 315 So.3d 222. Evidence of a defendant's sexually assaultive behavior is admissible under La. Code Evid. art. 412.2 regardless of the victim's age. **Willie**, 2021 WL 925922 at *3.

10

*Although the victims in the prior convictions were a different gender and several years younger than the victim of the instant offense, the evidence is probative and not unduly prejudicial.* We note that, although the victims' ages and gender may have differed, the underlying offenses were substantially similar. Each victim was under the age of seventeen and alone with the defendant in a room, where he touched them inappropriately. *In each case, the defendant knew, or was friendly, with his victims, and used that familiarity to take advantage of them.* Thus, the evidence of the prior convictions for molestation of a juvenile was relevant and admissible under La. Code Evid. art. 403. See **Bedwell**, 2018 WL 3080356 at *10 (evidence of prior crimes, which occurred under circumstances similar to the charged offense, was admissible to show defendant's lustful disposition toward children); see also **State v. Mischler**, 2018-1352 (La. App. 1st Cir. 5/31/19), ___ So.3d ___, 2019 WL 2334219, *9, writs denied, 2019-01100, 2019-01248 (La. 2/26/20), 347 So.3d 875, 880.

Therefore, we find that the trial court did not abuse its discretion in admitting the prior convictions into evidence under La. Code Evid. art. 412.2 to prove the defendant's lustful disposition toward children. Further, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under La. Code Evid. art. 403. Accordingly, this assignment of error is without merit.

## EXCESSIVE SENTENCE

In his third and fourth assignments of error, the defendant argues that the mandatory sentence imposed was unconstitutionally excessive and that the trial court erred in denying his motion to reconsider sentence.

The Eighth Amendment to the United States Constitution and Article I, Section 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. A sentence is unconstitutionally excessive if it is grossly

11

disproportionate to the severity of the offense or constitutes nothing more than a needless infliction of pain and suffering. **State v. Livous**, 2018-0016 (La. App. 1st Cir. 9/24/18), 259 So.3d 1036, 1044, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. **State v. Scott**, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410.

Louisiana Code of Criminal Procedure article 894.1 sets forth factors for the trial court to consider when imposing a sentence. The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. Nevertheless, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. **Scott**, 228 So.3d at 211.

A sentence may be excessive even if it falls within the statutory range established by the legislature. **State v. Thompson**, 2022-01391 (La. 5/2/23), 359 So.3d 1273, 1275 (per curiam). In **State v. Dorthey**, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court held that this extends to the minimum sentences mandated by the Habitual Offender Law and that the trial court must reduce a sentence to one not unconstitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment" or amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion

12

to the severity of the crime." **Thompson**, 359 So.3d at 1275; **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676.

To rebut the presumption that a mandatory sentence is constitutional, the defendant must "clearly and convincingly" show that he is exceptional, which means that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, gravity of the offense, and circumstances of the case. See **State v. Johnson**, 709 So.2d at 676; **State v. Harris**, 2022-1190 (La. App. 1st Cir. 6/2/23), 369 So.3d 447, 452. It is not the role of the sentencing court to question the wisdom of the legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. **Harris**, 369 So.3d at 452. Departures downward from the minimum sentence should only occur in rare situations. See **Johnson**, 709 So.2d at 677.

Louisiana Revised Statues 15:537(B) mandates a sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence for "a person who has on two or more occasions previously pleaded guilty, nolo contendere, or has been found guilty of violating [an enumerated statute.]" In this case, the defendant previously pled guilty to molestation of a juvenile[7] in violation of La. R.S. 14:81.2 and to forcible rape[8] in violation of La. R.S. 14:42.1. Both

---

[7] Although the defendant pled guilty to two counts of molestation of a juvenile in 1993, the State apparently chose to treat the two convictions as one for purposes of enhancement under La. R.S. 15:537(B) of the defendant's sentence for the instant offense. Regardless, the requirements for enhancement under La. R.S. 15:537(B) were met since the defendant also had a prior conviction for forcible rape.

[8] By 2015 La. Acts, Act 256, § 1 (eff. 8/1/15), the legislature changed the designation of the offense defined in La. R.S. 14:42.1 from "forcible rape" to "second degree rape" without changing any of the requirements thereof. Subsection (C) of La. R.S. 14:42.1 provides "'forcible rape' and 'second degree rape' mean the offense defined by the provisions of this Section and any reference to the crime of forcible rape is the same as a reference to the crime of second degree rape."

13

molestation of a juvenile and forcible rape are crimes enumerated in La. R.S. 15:537(B).

At the sentencing hearing, Courtney Layrisson, an expert in fingerprint analysis, compared the defendant's fingerprints to the fingerprints shown on the bills of information in the defendant's prior cases. She determined that the defendant's fingerprints, which were taken in court the morning of the hearing, matched the fingerprints on the bills of information. After hearing a victim impact statement from B.M.'s mother, the trial court sentenced the defendant to a mandatory life sentence without the benefit of parole, probation, or suspension of sentence pursuant to La. R.S. 15:537(B). Thereafter, the trial court immediately denied the defendant's motion to reconsider sentence, which alleged that the sentence was unconstitutionally excessive, the interests of justice required a less severe sentence, and **Dorthey** applied to the instant case. The defendant did not make any further arguments at the hearing.

On appeal, the defendant complains that the sentence is excessive in light of the fact that his prior convictions were committed over twenty-five years earlier and the fact that "the present offense was far from the worst offense contemplated by the statute." However, the defendant failed to urge these specific grounds for excessiveness before the trial court and, therefore, is precluded from raising these issues for the first time on appeal. See La. Code Crim. P. art. 881.1(E); **State v. Trosclair**, 2022-0798 (La. App. 1st Cir. 3/13/23), 2023 WL 2468528, *3 (unpublished), writ denied, 2023-00534 (La. 10/17/23), 371 So.3d 1072. However, the defendant did preserve a review of whether the sentence was constitutionally excessive or whether **Dorthey** demanded a downward departure.

After a thorough review of the record, we find that the district court did not err or abuse its discretion in imposing the defendant's sentence in accordance with the mandatory penalty provided in La. R.S. 15:537(B). The record before us

14

clearly established a sufficient factual basis for the defendant's sentence. The trial court specifically found that the State met its burden of proof that the defendant should be sentenced under La. R.S. 15:537(B). The defense offered no testimony or evidence to rebut the presumption of constitutionality of the mandatory sentence at the sentencing hearing or in support of his motion to reconsider sentence. Thus, the defendant did not prove by clear and convincing evidence that he is exceptional such that a mandatory life sentence would not be meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. See **Johnson**, 709 So.2d at 676.

Therefore, the district court had no reason to deviate downward from the mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. We find that the mandatory life sentence imposed is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive. See **Livous**, 259 So.3d at 1044.

Accordingly, these assignments of error are without merit.

### PATENT ERROR

Pursuant to La. Code Crim. P. art. 920(2), this court routinely reviews appellate records for patent error. **State v. Sylve**, 2022-1104 (La. App. 1st Cir. 2/24/23), 2023 WL 2198829, *3 (unpublished). A patent error is one that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La. Code Crim. P. art. 920(2). After a careful review of the record, we have found a patent error, which has also been raised by the defendant on appeal.

After the trial court imposed the sentence, it incorrectly advised the defendant that the time period for filing an application for post-conviction relief was three years from the time his sentence became final. However, a defendant

15

generally has two years "after the judgment of conviction and sentence has become final" to seek post-conviction relief. La. Code Crim. P. art. 930.8(A).

As the defendant has raised the patent error herein, it is apparent that he has notice of the correct limitation period and has an attorney who is in the position to provide him with such notice. Accordingly, we decline to remand to the district court to provide such notice. Instead, out of an abundance of caution and in the interest of judicial economy, we note for the record and advise defendant that La. Code Crim. P. art. 930.8(A) generally provides that no application for post-conviction relief, including applications seeking an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. Code Crim. P. arts. 914 or 922. See State v. Arnold, 2007-0362 (La. App. 1st Cir. 9/19/07), 970 So.2d 1067, 1074, writ denied, 2007-2088 (La. 3/7/08), 977 So.2d 904.

**CONVICTION AND SENTENCE AFFIRMED.**